**KERR CONSTRUCTION COMPANY and the City of Lubbock, Appellants,**

v.

**The PLAINS NATIONAL BANK OF LUBBOCK, Appellee.**

No. 07–86–0205–CV.

Court of Appeals of Texas, Amarillo.

Nov. 17, 1987.

Rehearing Denied Dec. 21, 1987.

**182**

John C. Ross, Jr., Lubbock City Atty., James P. Brewster, J. Worth Fullingim, Ass't City Attys., Lubbock, Tex., for City of Lubbock.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, Tex., for Kerr Const.

Kelly Bickerstaff, McCleskey, Harriger, Brazill & Graf, Lubbock, Tex., for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

Kerr Construction Company and the City of Lubbock appeal from the trial court summary judgment on Kerr and the City's action to recover on a letter of credit issued by the Plains National Bank of Lubbock. By their first point of error, Kerr and the City claim the trial court erred by granting the Bank's motion for summary judgment and by denying their motion for summary judgment. We agree, reverse the trial court's judgment, render judgment for Kerr and the City, sever Kerr and the City's action for attorney's fees, and remand that action to the trial court for a determination of the amount of attorney's fees.

The record shows that on 15 September 1984, Kerr contracted with Cary L. Johnson to "pave" the subdivision Johnson was developing. In consideration for $63,-768.13, the contract required Kerr to furnish all labor and materials for paving, curbs, gutters, alley returns, and drainage. One of the conditions of the paving contract required Johnson to secure the obligation of payment by the issuance of a letter of credit to the City. Johnson complied with the requirement of the contract by securing the issuance of a letter of credit by the Bank two days later, on 17 September 1984.

The letter of credit prepared and issued by the Bank reads:

PLAINS

NATIONAL BANK OF LUBBOCK

50th St. at University Ave./Box 271/Lubbock, TX 79408/(806) 795-7131

Irrevocable Letter of Credit No. <u>485</u>

The Meadows Addition, Lots 1346–1433

<u>September 17, 1984</u>

Honorable Mayor and City Council
City of Lubbock
P.O. Box 2000

Lubbock, Texas 79457

Dear Sir:

*We hereby authorize you to draw on us for the account of Mr. Cary L. Johnson up to an aggregate amount of U.S. $63,-768.13 available by your draft at sight when accompanied by your signed statement that the contractor Kerr Construction Company has defaulted or failed within ten (10) months to complete the paving improvements required in conjunction with the platting of The Meadows Addition, Lots 1346-1433.*

It is a condition of this letter of credit that it shall be extended without amendment for an additional period of six (6) months from the expiration date hereof unless thirty (30) days prior to such expiration date we shall notify you, Attention: The Property Development Coordinator, in writing by registered mail at the above address that we elect not to renew this letter of credit for such additional period.

In the event we elect not to renew this letter of credit, this letter of credit will be payable against your signed statement that Cary L. Johnson is still obligated under the City of Lubbock Code Section 25-6-B(6) to provide a cash deposit and has failed either (1) to replace this letter of credit with another letter of credit within fifteen days from the expiration date of this credit, or (2) to provide a cash deposit to the City of Lubbock in accordance with the City of Lubbock Code Section 25-6-B(6).

Your drafts must bear the clause "DRAWN UNDER THE PLAINS NATIONAL BANK OF LUBBOCK AT LUBBOCK, LETTER OF CREDIT NO. 485."

*We hereby engage with you that your draft(s) under and in compliance with the terms of this letter of credit will be duly honored if presented to us on or before January 1, 1985* together with the document(s) specified herein.

Sincerely yours,

/s/ Jim R. Shearer

Jim R. Shearer

Senior Vice President
The Plains National
Bank of Lubbock
Lubbock, Texas

(emphasis added)

Kerr performed the paving contract to the extent of $50,174.75, but Johnson failed to pay Kerr. Kerr accordingly ceased work with the balance of the contract remaining unperformed, representing some $13,593.38 of the contract amount. The contract remained uncompleted on 17 July 1985, ten months after the date of the letter.

On that ten-month anniversary, 17 July 1985, the City drafted on the Bank to pay $63,768.13. The Bank denied any liability on the basis that the letter of credit expired by its terms on 1 July 1985. The Bank asserted that 1 January 1985 represented the initial due date which was automatically extended until 1 July 1985, because the Bank never gave the notice that prevented the automatic extension for an additional six months.

Kerr and the City accordingly sued to collect on the letter of credit. Kerr sought its unpaid amount of $50,174.75, and the City sought the total amount of the letter, $63,678.13 (the City, however, recognizing that Kerr is entitled to $50,174.75 of the total amount with the City being entitled to the balance). Both Kerr and the City also requested prejudgment and post-judgment interest and attorney's fees. Since the district court granted summary judgment for the Bank it had no occasion to award any interest or find an amount for attorney's fees.

This case raises the single issue of the due date of the letter of credit. That issue is resolved by our construction of the document. The Bank sought and obtained summary judgment on the ground that the letter of credit expired on 1 July 1985. On the other hand, Kerr and the City sought and were refused summary judgment on the basis that the letter of credit, properly construed, was never due, as a matter of law, until 17 July 1985, ten months after its issue.

It is well settled that the rules of construction for ordinary contracts govern letters of credit. *Temple–Eastex Inc. v. Addison Bank*, 672 S.W.2d 793, 798 (Tex. 1984). It is equally well settled that where there is an irreconcilable conflict between different parts or provisions of an instrument and the first part or provision is definite and certain and irreconcilable with later parts or provisions, the first part or provision must prevail. *Benskin v. Barksdale*, 246 S.W. 360, 363 (Tex.Comm'n App. 1923, judgm't adopted). In this instance, it is undisputed that the first provision (the first paragraph) of the instrument is in direct and irreconcilable conflict with the last provision (the last paragraph) of the instrument.

The first unnumbered paragraph provides: "We hereby authorize you to draw on us for the account of Mr. Cary L. Johnson up to an aggregate amount of U.S. $63,768.13 available by your draft at sight when accompanied by your signed statement *that the contractor Kerr Construction Company has defaulted or failed within ten (10) months to complete the paving improvements required* in conjunction with the platting of The Meadows Addition, Lots 1346–1433" (emphasis added). That paragraph states the condition precedent to the Bank's liability and, as such, is the most significant and essential provision in the agreement. In the absence of a default or failure by Kerr Construction Company to complete the paving improvements within ten months from 17 September 1984, there is no liability on the Bank.

It is well settled then when there is an irreconcilable conflict between provisions in an agreement, the provision which contributes most essentially to the agreement is entitled to the most consideration. *Osburn v. Smart*, 58 S.W.2d 1073, 1078 (Tex.Civ. App.—Fort Worth 1932, writ dism'd) (opinion on motion for rehearing). In *Osburn*, the court also acknowledged and applied the rule that where there is an irreconcilable conflict between clauses or provisions in the contract, the expression in the clause or provision first appearing will control. In this instance, we conclude that the time stated in the first unnumbered paragraph prevails over the time stated in the last unnumbered paragraph.

■ The Bank points out that the usual letter of credit transaction is comprised of three separate contracts. The first contract is between the parties (Kerr and Johnson) to the underlying obligation. The second agreement is by and between the Bank and its customer (Johnson). The third agreement is the letter of credit which is between the Bank and the beneficiary (the City). In that regard and relying on *Westwind Exploration v. Homestate Ass'n*, 696 S.W.2d 378 (Tex.1985), and *Summitt Ins. Co. v. Central Nat. Bank of Houston*, 624 S.W.2d 222 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), the Bank contends that the first paragraph is merely a general reference to the underlying agreement between Kerr and Johnson and that reference to the underlying agreement in letters of credit is considered surplusage and should not be considered in deciding whether the beneficiary has complied with the terms of the letter of credit.

In *Summitt Ins. Co. v. Central Nat. Bank of Houston*, 624 S.W.2d at 225, the court stated, "General references to underlying agreements are surplusage and should not be considered in deciding whether the beneficiary has complied with the terms of the credit." However, immediately preceding that statement, the court stated, "The beneficiary's non-compliance with the underlying contract does not affect the issuer's liability *unless a reference to the underlying contract explicitly creates a condition for honoring a draft*" (emphasis added). *Id.* In this instance, as we stated above under the first paragraph, the Bank's liability on the letter of credit is expressly conditioned on Kerr's default or failure to complete the paving improvements within ten months. The Bank's general reference contention is overruled.

■ The Bank further contends that the trial court properly rendered summary judgment for the Bank because Kerr is not a beneficiary of the letter of credit. Under that contention, the Bank argues that its "liability on the Letter of Credit is limited

to the cost of completing the improvements undertaken and such liability only extends to the beneficiary." The letter of credit does not state that the Bank's liability is limited to the cost of completion. By the expressed provision in the letter of credit, the Bank's liability is stated as "up to an aggregate amount of U.S. $63,768.13."

The fact that the Bank issued the letter of credit to the City as the primary beneficiary does not alter or relieve the Bank from its full obligation ($63,768.13) under the letter of credit. An implicit purpose of the letter of credit was assurance to the City and Kerr that the paving improvements would be completed and paid for at the stated price. In that regard, it is undisputed that the stated price of the improvements was $63,768.13. Likewise, the Bank's obligation under the letter of credit is in the same amount. Also, it is undisputed that Kerr completed $50,174.75 of the paving improvements and that $13,593.38 of the paving improvements remained uncompleted. Consequently, for the reasons stated, we conclude that the trial court erred by granting the Bank's motion for summary judgment and by denying Kerr and the City's motion for summary judgment.

In summary, Kerr and the City's first point of error is sustained. Accordingly, we reverse the trial court's judgment and render judgment that Kerr Construction Company do have and recover of and from Plains National Bank of Lubbock the amount of $50,174.75, plus prejudgment interest at the rate of ten (10%) percent per annum from 17 July 1985 to 23 June 1986, compounded daily, as prescribed by article 5069–1.05, section 2 of the Texas Revised Civil Statutes Annotated (Vernon 1987) and 11 Texas Register 2396, plus post-judgment interest at the rate of ten (10%) percent per annum from 24 June 1986, compounded daily, as prescribed by article 5069–1.05, section 2 and 11 Texas Register 2396, until the judgment is fully paid; and, that the City of Lubbock do have and recover of and from Plains National Bank of Lubbock the amount of $13,593.38, plus prejudgment interest at the rate of ten (10%) percent per annum from 17 July 1985 to 23 June 1986, compounded daily, as prescribed by article 5069–1.05, section 2 and 11 Texas Register 2396, plus post-judgment interest at the rate of ten (10%) percent per annum from 24 June 1986, compounded daily, as prescribed by article 5069–1.05, section 2 and 11 Texas Register 2396, until the judgment is fully paid. Also, Kerr and the City's claim for attorney's fees is severed from this action and remanded to the trial court for further determination.

All costs are taxed against Plains National Bank of Lubbock.