**EXXON COMPANY, U.S.A., A DIVISION OF EXXON CORPORATION, Plaintiff–Appellee, Cross–Appellant,**

v.

**BANQUE DE PARIS ET DES PAYS–BAS, Defendant–Appellant, Cross–Appellee.**

No. 87–2007.

United States Court of Appeals, Fifth Circuit.

May 16, 1989.

Stanley Godofsky, Donald F. Luke, Mary Lee Donahue, Rogers & Wells, New York City, Kenneth Lehr Miller, New York City, Hayden Burns, Constance Barnes, Butler & Binion, Houston, Tex., for defendant-appellant cross-appellee.

Michael F. Crotty, Associate Gen. Counsel, Am. Bankers Ass'n, Washington, D.C., for amicus-American Bankers Ass'n.

Rufus Wallingford, Tom A. Cunningham, Fulbright & Jaworski, Houston, Tex., Keith A. Jones, Fulbright & Jaworski, Washington, D.C., for plaintiff-appellee, cross-appellant.

Before RUBIN, GARZA, and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

### CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO TEXAS CONSTITUTION ART. 5 § 3–c, and TEX.R.APP.P. 114

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

1. STYLE OF THE CASE.

The style of the case in which this certificate is made is *Exxon Company, U.S.A., a division of Exxon Corporation, Plaintiff/Appellee/Cross–Appellant v. Banque de Paris et des Pays–Bas, Defendant/Appellant/Cross–Appellee,* Case No. 87–2007, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas. The United States Supreme Court vacated the judgment of the Fifth Circuit Court of Appeals rendered

after an earlier hearing,[1] and remanded the case,[2] directing us to consider the decision of the Texas Court of Appeals in *Kerr Construction Co. v. Plains National Bank.*[3]

## 2. STATEMENT OF THE CASE.

In July, 1981, Exxon Company, U.S.A. entered into an oil exchange contract with Houston Oil & Refining, Inc. under which Exxon was to deliver 558,000 barrels of crude oil to Houston during July, 1981. The agreement required Houston to deliver an equal quantity of crude oil to Exxon during the period from September through December, 1981. The contract also required Houston to provide an irrevocable standby letter of credit. According to the contract, the letter of credit was to be payable to Exxon upon presentation of invoices or a statement by an officer of Exxon certifying that invoices were unpaid and ten or more days past due. See Appendix A.

Thereafter, Houston applied to Banque de Paris et des Pays–Bas for a letter of credit in the amount of $19,530,000. Because the issuance of the letter of credit was in effect an extension of credit by the Bank to Houston, the Bank required Houston to provide security sufficient to cover the amount of credit and blocked certain funds coming into Houston's account.

On July 16, 1981, the Bank issued the letter of credit using the language that had been supplied by Houston with respect to the documentary provisions and the expiry date. The letter provided for payment of $19,530,000 to Exxon upon Exxon's submission, *inter alia,* of a "[s]tatement signed by an authorized representative [of Exxon] certifying that Houston ... has failed to deliver to Exxon ... 558,000 barrels of [crude oil] ... between September and December, 1981." The letter further provided, in a subsequent clause, that this certificate "must be presented not later than October 31, 1981." (Because October 31, 1981, was a Saturday, Exxon could also

present the documents on the next business day, Monday, November 2, 1981). The letter also stated that it was subject to the 1974 revision of the Uniform Customs and Practice for Documentary Credits, a set of rules promulgated by the International Chamber of Commerce. See Appendix B.

In July, 1981, the Bank sent a copy of the letter of credit to the attention of Don Meiers, the Exxon employee responsible for receiving and transmitting letters of credit and monitoring their expiration dates. Meiers received the letter of credit and transmitted it to the appropriate executives at Exxon, accompanied by a letter stating that it is "due to expire October 31, 1981." Meiers' transmittal letter also noted that the credit covered the delivery of crude oil by Exxon during July and "the return" of the crude by Houston "between September and December 1981." See Appendix C. No one at Exxon commented to the Bank thereafter about the terms of the letter of credit.

During November, 1981, the Bank released both the security it had held for its extension of credit to Houston and the funds it had blocked in Houston's account.

In early November, 1981, Exxon learned that Houston would default on its obligation to make the delivery of crude oil required by the contract. On November 30, and again on December 1, 1981, Exxon presented its certification of Houston's non-delivery to the Bank. The Bank refused payment each time on the ground that the presentation was untimely.

Exxon brought this action against the Bank to recover on the letter of credit in the 234th Judicial District Court of Harris County, Texas. Invoking federal diversity jurisdiction, the Bank removed it to the United States District Court for the Southern District of Texas. After extensive discovery, both sides moved for summary judgment. The district court granted summary judgment for Exxon. On appeal, the

**1.** 828 F.2d 1121 (5th Cir.1987).

**2.** —— U.S. ——, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988).

**3.** 753 S.W.2d 181 (Tex.App.—Amarillo 1987, writ denied).

United States Court of Appeals for the Fifth Circuit reversed and directed the entry of judgment for the Bank.[4] The United States Supreme Court thereafter vacated that judgment and remanded the case to the Fifth Circuit for further consideration in the light of *Kerr Construction Co. v. Plains National Bank*,[5] which was published while the *Exxon* case was pending in the United States Supreme Court. Copies of the district court opinion, the original Fifth Circuit opinion, and the Supreme Court opinion are attached. Upon remand, a majority of the Fifth Circuit panel decided to certify the case to the Supreme Court of Texas, with Judge Reynaldo Garza dissenting from the need for certification. A copy of this opinion is also attached. Having decided to certify the controlling question of Texas law to the Texas Supreme Court, we will, of course, follow the decision of that court.

**4.** 828 F.2d 1121 (5th Cir.1987).

**5.** 753 S.W.2d 181 (Tex.App.—Amarillo 1987,

### 3. QUESTION CERTIFIED.

When a bank issues an irrevocable standby letter of credit that (i) contains a certification provision providing for payment to a beneficiary upon presentation of a signed statement certifying that the bank's customer did not perform an underlying obligation "between September and December, 1981," but (ii) also contains, in a subsequent paragraph, a presentation clause stating that such certification must be made "not later than October 31, 1981," when does the obligation of the issuing bank to honor its letter of credit terminate under Texas law?

We disclaim any intention or desire that the Supreme Court of the State of Texas confine its reply to the precise form or scope of the question certified.

*writ denied*).

# APPENDIX A

**EXXON COMPANY, U.S.A.**
POST OFFICE BOX 2180 · HOUSTON TEXAS 77001

SUPPLY DEPARTMENT
COMMERCE
RICHARD J. KARTZKE
RAW MATERIALS

July 9, 1981

Exxon Exchange Contract No. HRI-032

Houston Oil & Refining, Inc.
11221 Katy Freeway
Houston, Texas 77079

Attention: Mr. Ralph Carthoe

Gentlemen:

This Contract, between Houston Oil & Refining, Inc. ("Houston Oil") and Exxon Company, U.S.A. (a division of Exxon Corporation) ("Exxon"), covers the exchange, for and in consideration of the agreements contained herein, of crude oil under the terms and conditions set forth.

Attached hereto as Exhibit A and made a part hereof are provisions specifying the terms and conditions of this exchange. The General Provisions on the reverse side hereof are made a part of this Contract.

Please return one fully executed copy of this Contract to the undersigned.

HOUSTON OIL & REFINING, INC.

By _____

_____
(Office or Title)

Date _____

OCD:bp
Attachment

EXXON COMPANY, U.S.A. ·
(a division of Exxon Corporation)

By _____
Richard J. Kartzke
Head – Raw Materials

A DIVISION OF EXXON CORPORATION

Houston Oil Contract N. 144-5250

Date____July 9, 1981____

EXHIBIT A
To Exchange Contract

1. TYPE OF CRUDE OIL AND QUANTITY:

A. Houston Oil will deliver to Exxon approximately five hundred fifty-eight thousand (558,000) barrels of South Louisiana or West Texas Sour or Arab Light or Alaskan North Slope crude oils.

B. Exxon will deliver to Houston Oil an equal amount of South Louisiana crude oil.

2. TERM:

Exxon will deliver during July 1981
Houston Oil will deliver during September through December 1981.

3. DELIVERY AND TITLE:

A. Houston Oil will deliver South Louisiana crude from Ship Shoal Pipeline facilities at St. James, Louisiana. Title and risk of loss will pass to Exxon as the crude enters recipient pipeline.

Houston Oil will deliver West Texas Sour crude by pipeline into Shell Pipeline facilities at McCamey, Texas or into Exxon Pipeline facilities at Crane, Texas. Title and risk of loss will pass to Exxon as the crude enters said facilities.

Houston Oil will deliver Arab Light and/or Alaskan North Slope by tanker into a mutually acceptable U. S. Gulf Coast port. Title and risk of loss will pass to Exxon as the crude passes the tanker's permanent hose connection at the point of discharge.

B. Exxon will deliver South Louisiana crude from Ship Shoal Pipeline facilities at St. James, Louisiana. Title and risk of loss will pass to Houston Oil as the crude enters recipient pipeline.

4. DFFERENTIALS:

Barrel for barrel exchange. Houston Oil agrees to pay Exxon differentials on crude delivered to Exxon hereunder as follows:

| Crude | $/B |
|---|---|
| South Louisiana for South Louisiana | Even |
| South Louisiana for West Texas Sour | 0.99 |
| South Louisiana for Arab Light | 1.62 |
| South Louisiana for Alaskan North Slope | 2.36 |

Payment for differentials on volumes of crude delivered hereunder by pipeline will be made on the 20th day of the month following the month of delivery.

Exhibit A

Payment for differentials on volumes of crude delivered hereunder by tanker will be made fifteen (15) days after discharge.

5. INDEPENDENT CARGO INSPECTION:

Exxon to arrange; cost to be shared equally.

6. IMPORTATION OF FOREIGN OIL:

Houston Oil will arrange and will pay import fees and duties on Arab Light delivered hereunder.

7. OTHER PROVISIONS:

Houston Oil will provide a $19,600,000 irrevocable letter of credit issued by a bank satisfactory to Exxon to cover value of crude delivered by Exxon hereunder. This letter of credit is payable to Exxon on presentation of invoices or statement of an officer of Exxon certifying that invoices are unpaid and past due ten (10) days or more.

The Ocean Tanker Marine Provisions attached hereto are incorporated herein and made a part of this contract.

The parties hereto do not intend to create between them by this agreement a continuing obligation to buy, sell, or exchange crude oil other than as specified in the termination provisions contained elsewhere herein. Accordingly, the parties hereby mutually agree to the termination provisions contained elsewhere in this agreement, and each party hereby expressly waives any rights it may have under any existing or future state or federal government regulations to insist upon the continued supply of crude oil provided herein.

(Invoices and shipping/loading papers covering the oil delivered hereunder should be sent to Exxon Company, U.S.A., Supply Accounting, P. O. Box 2024, Houston, Texas 77001.)

## APPENDIX B

**Banque de Paris e    es Pays-Bas**
400 PARK AVENUE
NEW YORK, N. Y. 10022

*PARIBAS*

EXHIBIT NO. __11__

~~OCT 26 1984~~    *Date of issue*  JULY 16, 1981

IAN MULLINS, CSR

EXXON COMPANY U.S.A.
800 BELL, ROOM 3593
HOUSTON, TEXAS  77001
ATTN:  DON MEIERS

GENTLEMEN:

WE HEREBY OPEN OUR IRREVOCABLE STANDBY LETTER OF CREDIT NUMBER 711828/FT, IN FAVOR OF YOURSELVES, BY ORDER AND FOR ACCOUNT OF HOUSTON OIL AND REFINING, INC., HOUSTON, TEXAS, AVAILABLE AT SIGHT, UP TO AN APPROXIMATE AMOUNT OF 19,530,000.00 USDLRS AGAINST:

1. COMMERCIAL INVOICE IN THREE COPIES COVERING APPROXIMATELY 18,000 BARRELS PER DAY OF SOUTH LOUISIANA LIGHT CRUDE OIL DELIVERED PIPELINE FACILITIES ST. JAMES, LA. DURING JULY, 1981.

2. COPIES OF PIPELINE TICKETS OR TRANSFER STATEMENT EVIDENCING DELIVERY AND/OR TRANSFER OF CRUDE OIL FROM EXXON COMPANY, U.S.A. TO HOUSTON OIL AND REFINING, INC.

3. STATEMENT SIGNED BY AN AUTHORIZED REPRESENTATIVE CERTIFYING THAT HOUSTON OIL AND REFINING, INC. HAS FAILED TO DELIVER TO EXXON COMPANY, U.S.A. 558,000 BARRELS OF ONE OF THE FOL-LOWING:  SOUTH LOUISIANA TO ST. JAMES, LA., WEST TEXAS SOUR TO SHELL, MCCAMEY OR EXXON, CRANE, ARAB LIGHT TO U.S. GULF COAST OR ALASKAN NORTH SLOPE TO U.S. GULF COAST BETWEEN SEPTEMBER AND DECEMBER, 1981.

SPECIAL CONDITIONS:
------------------
-PARTIAL DRAWINGS PROHIBITED.
-DRAWING PRIOR TO AUGUST 20, 1981 PROHIBITED.

DOCUMENTS MUST BE PRESENTED NOT LATER THAN OCTOBER 31, 1981.

WE HEREBY ENGAGE WITH THE BENEFICIARY THAT DOCUMENTS DRAWN UNDER AND IN COMPLIANCE WITH THE TERMS OF THIS CREDIT WILL BE DULY HONORED UPON PRESENTATION AS SPECIFIED.

IN CONFIRMATION OF OUR TELEX OF TODAY'S DATE.

THIS CREDIT IS SUBJECT TO THE UNIFORM CUSTOMS AND PRACTICE FOR DOCUMENTARY CREDITS (1974 REVISION) INTERNATIONAL CHAMBER OF COMMERCE PUBLICATION NUMBER 290.

*Yours faithfully,*

BANQUE DE PARIS ET DES PAYS-BAS

PLAINTIFF'S EXHIBIT H
C.A. No. H-82-3491

## APPENDIX C

**EXXON COMPANY, U.S.A.**
POST OFFICE BOX 2180 · HOUSTON, TEXAS 77001

TREASURER'S DEPARTMENT
DENNIS L. DOUGHTY
CREDIT MANAGER

July 20, 1981

Letter of Credit
Houston Oil & Refining

Mr. D. P. Fraser

Houston Oil & Refining has provided an irrevocable bank letter of credit, No. 711828/FT as security for an exchange of crude oil under contract No. HR1-032. The letter of credit is drawn on the Banque de Paris et des Pays-Bas for $19,530,000 and is due to expire October 31, 1981. This letter of credit covers the delivery of 18,000 barrels/day of South Louisiana Light crude oil by Exxon during July and the return on these barrels by Houston Oil & Refining between September and December 1981.

The original of the letter of credit is being sent to you for safekeeping. Please sign below to indicate receipt and return to me in Suite 3763.

Donald H. Meiers

D. P. Fraser

DHM:mac
Attachment

c - w/attachment:
    Mr. O. C. Day
    Mr. T. R. Reeves

A DIVISION OF EXXON CORPORATION